# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

BORDEN M. LARSON

-vs-                                                   Case No. 6:05-cv-686-Orl-31JGG

CORRECT CRAFT, INC., et al.

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION TO DISMISS OR STRIKE AFFIRMATIVE DEFENSES AND COUNTERCLAIMS OR REQUIRE MORE DEFINITE STATEMENT (Doc. No. 16)** |
| **FILED:** | June 8, 2005 |
| **THEREON** it is **ORDERED** that the motion is **GRANTED** in part and **DENIED** in part. | |

Plaintiff Borden Larson's Complaint contains ten different counts, six of which are specifically directed at Defendant Correct Craft. Correct Craft's answer asserted ten affirmative defenses, each one sentence long. None of the affirmative defenses mentions any of the numbered counts in the complaint. Correct Craft's answer also contained a counterclaim with two different counts. The motion at issue contains five distinct requests: (1) strike all of Defendant Correct Craft's Affirmative Defenses alleged in its answer or require a more definite statement; (2) a more definite statement of Count One of the Counterclaim; (3) dismiss Count Two of the Counterclaim; (4) if

1

Count Two is not dismissed, then it should be stricken or, in the alternative, a more definite statement provided; and (5) the punitive damages prayer in the Counterclaim should be stricken.

## I. Motion to Strike Affirmative Defenses or for a More Definite Statement

For the most part, Larson moves to strike Correct Craft's affirmative defenses on the grounds that the affirmative defenses contain bare-boned conclusory allegations that fail to meet Rule 8 pleading requirements. Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

It has been stated repeatedly that "[a] motion to strike is a drastic remedy[,]" which is disfavored by the courts and "will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Augustus v. Bd. of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir.1962); *Story v. Sunshine Foliage World, Inc.*, 120 F. Supp. 2d 1027, 1030 (M.D. Fla. 2000); *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla.1997); *Poston v. Am. President Lines Ltd.*, 452 F. Supp. 568, 570 (S.D. Fla.1978). Further, district courts have "broad discretion in disposing of motions to strike." *Anchor Hocking Corp. v. Jacksonville Elec. Auth.*, 419 F. Supp. 992, 1000 (M.D. Fla. 1976).

Striking an affirmative defense is proper only when the defense is insufficient as a matter of law. *Id.* "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jessee's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (2002). Affirmative defenses are invalid as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which require "a short and plain statement" of the defense.

Under federal standards of notice pleading, it is not always necessary to allege the evidentiary facts constituting the defense. Rather, the pleading "need only give fair notice of the . . . defense so that opposing parties may respond, undertake discovery and prepare for trial." WILLIAM W. SCHWARZER ET AL, FED. CIVIL PROCEDURE BEFORE TRIAL § 8:16 (2005), *citing Conley v. Gibson,* 355 US 41, 47-48, 78 S.Ct. 99, 103 (1957). Thus, for example, a statement that "This claim is barred by the statute of limitations," gives fair notice of the defense and meets Rule 8 pleading requirements. *See Daingerfield Island Protective Soc. v. Babbitt*, 40 F.3d 442, 445 (D.C. Cir. 1994). To give fair notice of the defense, however, a party should identify the claim to which the defense applies. *See Byrne v. Nezhat*, 261 F.3d 1075, 1129 (11th Cir. 2001) (criticizing "shotgun" pleading of affirmative defenses that do not specify the claim to which the defense is directed); *Anderson v. Dist. Bd. Of Trustees of Cent. Fla. Community College*, 77 F.3d 364, 366-67 (11th Cir. 1996) (same).

### A.     First Through Ninth Affirmative Defenses

Larson attacks each of Correct Craft's Affirmative Defenses on the grounds that they are bare boned conclusory allegations that are insufficient to satisfy Rule 8 pleading requirements. The Court disagrees and finds each of the Affirmative Defenses give Larson fair notice of the defense sufficient to undertake discovery and prepare for trial. Therefore, the Court **DENIES** the motion to strike on these grounds. Because none of the affirmative defenses specifies to which count of the complaint they respond, Larson's motion for a more definite statement is **GRANTED**.

Larson additionally challenges the Seventh and Ninth Affirmative Defenses as improper affirmative defenses "because [Correct Craft] does not admit the essential facts of the complaint but then set up other facts in justification or avoidance." Larson's point is not entirely clear and Correct Craft did not respond to the argument.

The Seventh Affirmative Defense pleads "Larson has not suffered any damages for any of the acts alleged herein." Generally, proving damages is part of the plaintiff's *prima facie* case. Typically, the party asserting an affirmative defense has the burden of proof and a defect in plaintiff's pleading of his *prima facie* case is not a proper basis for an affirmative defense. *See In re Rawson Food Serv.*, 846 F.2d 1343, 1349 (11th Cir. 1988). Before ruling that the affirmative defense is precluded as a matter of law and striking it from the pleading, the Court will permit Correct Craft an opportunity to amend.

The Ninth Affirmative Defense pleads "[t]he action is brought in bad faith and without judicable issue of law or fact and Defendant is entitled to attorneys fees pursuant to §57.105, Fla. Stats." In *Ganz v. HZJ, Inc.*, 605 So.2d 871, 872 (1992), the Florida Supreme Court held that a claim for fees pursuant to § 57.105 does not have to be pleaded in the party's answer, noting that it would be nearly impossible for a litigant to know at that stage of the proceeding whether the adverse party will raise nothing but frivolous issues. The fact that the claim for fees is not required to be pleaded at the answer stage does not make it improper for Correct Craft to include it as an affirmative defense.

Because Correct Craft's First through Ninth Affirmative Defenses are possibly related to the controversy, the Court will exercise its discretion to **DENY** the motion to strike without prejudice and **GRANT** the motion for a more definite statement. Correct Craft is **ORDERED** to file its amended affirmative defenses within 10 calendar days from the date the order is filed.

**B.  Tenth Affirmative Defense**

Correct Craft's Tenth Affirmative Defense states that "Plaintiff Larson is not entitled to equitable relief due to his own unclean hands, including, but not limited to, illegally demanding payment from Correct Craft in exchange for favorable testimony at the trial involving the patents." Larson argues that the defense fails because Correct Craft did not identify any law or rule that would make such a demand

illegal. Larson also complains that Correct Craft's use of the phrase "not limited to" fails to articulate fully other allegations of unclean hands and makes the defense vague.

It is rare that a party will allege every fact at their disposal at the pleading stage and the purpose of discovery is to ascertain the full panoply of facts. On a motion to strike, the only issue is whether Rule 8 pleading requirements have been satisfied and that the defense otherwise is a proper one.

Although Correct Craft alleges that Larson's conduct was "illegal," the defense of unclean hands is an equitable doctrine and no statute or rule must be cited to invoke the defense. Federal courts retain broad equitable powers under the doctrine of "unclean hands." *See, e.g., Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co.*, 324 U.S. 806, 814-15 (1945) ("The guiding doctrine in this case is the equitable maxim that 'he who comes into equity must come with clean hands.' . . . This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant.") (affirming dismissal of patent suit in which plaintiff entered court with "unclean hands"). Of course, the misconduct alleged by those invoking "unclean hands" must relate to the subject matter of the case. *See Toomer v. Witsell*, 334 U.S. 385, 393 (1948).

Larson does not argue ignorance about the demanded payment or that the allegation is unrelated to the subject matter of this case. The Court finds that the allegations meet Rule 8's requirements of a short and plain statement of the defense and **DENIES** the motion to strike. However, because the defense fails to specify to which count of the complaint it responds, Larson's motion for a more definite statement is **GRANTED**.

## II. Motion for a More Definite Statement as to Count One of the Counterclaim

Plaintiff's motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure as to Count One of the Counterclaim is based on the fact that the sentence contained in paragraph

5

6 did not end with a period and the inclusion of the word "and" suggested that Defendant intended to allege something more. Defendant's response that the inclusion of the word "and" was an error and that it has pleaded the intended facts in support of its counterclaim resolves any ambiguity in the pleading. Therefore, the motion for a more definite statement as to Count One of the Counterclaim is **DENIED**.

### III.   Motion to Dismiss Count Two of the Counterclaim

The motion to strike Count Two of the Counterclaim, which alleges Slander of Title, is based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff argues that Defendant failed to plead sufficient facts to state a claim. There is not, however, any heightened pleading standard that applies to a slander of title claim, and Plaintiff misapplies the holding in *Leavitt v. Cole*, 291 F. Supp. 2d 1338 (2003). Defendant's pleading sets forth the basic elements required to state a claim for slander of title under Florida law, namely that there has been a "false and malicious statement, oral or written, made in disparagement of a person's title to real or personal property, or of some right of his, causing him special damage." *Old Plantation Corp. v. Maule Indus.*, 68 So.2d 180, 181 (1953). Given the notice pleading requirements of Rule 8, Defendant's counterclaim for slander of title is sufficient and Plaintiff's Motion to Dismiss is **DENIED**.

### IV.   Motion to Strike Count Two of the Counterclaim

Plaintiff moved in the alternative to strike Count Two of the Counterclaim on the grounds that it is redundant and difficult to understand because it incorporated by reference the allegations of Count One. While incorporating allegations by reference sometimes can lead to confusion, this is not such a case. Paragraph 12 of the Counterclaim makes it clear that it is setting forth a separate claim from Count One, which seeks declaratory judgment. With the exception of the prayer contained in paragraph 11 that probably should not have been incorporated by reference into Count Two, all of the remaining allegations

are factual or jurisdictional. Paragraph 18 in Count Two makes it clear that Defendant seeks monetary damages, not declaratory relief, and the inadvertent incorporation of paragraph 11 by reference does not make the pleading duplicative or difficult to understand. Therefore, the alternative motion to strike Count Two or to provide a more definite statement is **DENIED**.

### V.   Motion to Strike Punitive Damages Claim

Lastly, Plaintiff moves to strike Defendant's prayer for punitive damages contained in its Counterclaim. Plaintiff argues that the claim for punitive damages violates Florida Statute § 768.72, which bars a punitive damages claim "unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages." The Eleventh Circuit has rejected Florida pleading requirements for punitive damages in diversity cases, holding that Florida Statute § 768.72 conflicts with Rule 8(a)(3). *Cohen v. Office Depot, Inc.*, 184 F.3d 1292, 1297-1299 (11th Cir. 1999), *vacated in part and reheard on other grounds*, 204 F.3d 1069 (11th Cir. 2000). Other courts subsequently have applied the analysis in *Cohen* to hold that the pleading requirements of Florida Statute § 768.72 also do not apply to pendent and ancillary state law claims. *See Vacation Break U.S.A., Inc. v. Marketing Response Group & Laser Co., Inc.*, 189 F.R.D. 474, 479-480 (M.D. Fla. 1999). Based on these authorities, Plaintiff's motion to strike the punitive damages claim is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on this _____ day of August, 2005.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE