# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BORDEN M. LARSON,**

          **Plaintiff,**

**-vs-**                                           **Case No. 6:05-cv-686-Orl-31JGG**

**CORRECT CRAFT, INC., WILLIAM SNOOK & ROBERT TODD,**

          **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions:

> **MOTION:** MOTION TO QUASH THIRD-PARTY SUBPOENAS DUCES TECUM (Doc. No. 93)
>
> **FILED:** September 25, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED nunc pro tunc**.

> **MOTION:** MOTION FOR PROTECTIVE ORDER (Doc. No. 96)
>
> **FILED:** September 26, 2006
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED nunc pro tunc**.

| | |
|---|---|
| **MOTION:** | **MOTION TO QUASH DEPOSITION SUBPOENA OR ALTERNATELY FOR A PROTECTIVE ORDER (Doc. No. 97)** |
| **FILED:** | **September 26, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED nunc pro tunc**.

| | |
|---|---|
| **MOTION:** | **MOTION TO RECONSIDER LARSON'S MOTION FOR MODIFICATION AND EXTENSION OF THE CASE MANAGEMENT ORDER (Doc. No. 94)** |
| **FILED:** | **September 25, 2006** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

I. **BACKGROUND**

On September 18, 2006, Plaintiff Borden M. Larson sought a three month continuance of virtually all dates established by the Amended Case Management Scheduling Order. Docket 85. The Court denied the motion on September 19, 2006. Docket 86. The Court found that the deadlines already had been extended by five months due in part to discovery delays, and that Larson had not acted diligently in bringing additional delays to the Court's attention when Larson allegedly was unable to resolve them with the opposing party. Docket 86. The Court further noted as to Defendants' alleged designation of Allen, Dyer attorneys as expert witnesses, there was still time for Larson to depose those individuals and to make appropriate motions to exclude their testimony. *Id*.

On September 20, 2006, at 5:10 p.m., Larson's counsel sent an e-mail to defense counsel and attached notices of deposition for six persons to be taken on October 2, 2006. Docket 95-2 at 1;

Docket 96-1.  Those six persons were: 1) defense counsel, Douglas C. Spears; 2) Carl Napolitano; 3) Herbert Allen; 4) Brian Gilchrist; 5) William Snook; and 6) Robert Todd.  *Id*.  Larson's counsel had not conferred with defense counsel before setting the depositions.

Allen and Gilchrist are attorneys with the Allen, Dyer law firm.  Napolitano is a registered patent agent with the Allen, Dyer firm.  The subpoenas duces tecum directed to these individuals called for the production of documents going back to 1996.  Docket 93-2 at 1-8; Docket 97 at 2.  Additionally, Larson issued a subpoena duces tecum to the custodian of records for the Allen, Dyer law firm, and set a production time at the same time as the deposition for Spears.  Docket 93-2 at 9-12.  (It does not appear that Larson gave notice to defense counsel of the custodian of records subpoena.)  The subpoena to Napolitano was delivered on September 21.  Docket 93-1 at 1.  The subpoenas to Allen and the custodian of records were delivered on September 22.  *Id*.  The subpoena to Gilchrist was left at his office on September 25.  Docket 97 at 1.

On September 21, 2006, Larson issued subpoenas duces tecum to four additional non-parties for production of records only: 1) Turnaround Ministries; 2) Billy Graham Evangelistic Association; 3) Robert Gunter, Moody Bible Institute; and 4) James Vincent, Moody Bible Institute (collectively referred to as the "Christian Ideals subpoenas").  Docket 96, Exh. B, C, D, E.  Turnaround Ministries is located in Gainsville, Georgia.  Billy Graham Evangelistic Association is located in Charlotte, North Carolina.  Robert Gunter and James Vincent are located in Chicago, Illinois.  The subpoenas for Gunter and Vincent were issued on Middle District of Florida subpoena forms.  The subpoena to Turnaround Ministries was issued from the United States Court for the Northern District of Georgia and the subpoena to Billy Graham Evangelistic Association was issued from the United States Court

for the Western District of North Carolina. Docket 96, Exh. B, C. Each of these four subpoenas called for production of the subpoenaed records on September 30, 2006, at Plaintiff's counsel's office in Longwood, Florida. Defense counsel received notice of these subpoena duces tecum on September 26, 2006. Docket 96-1 at 6.

On September 25, 2006, Allen, Napolitano, and the Allen, Dyer law firm moved to quash the subpoenas directed to them. Docket 93. Their motion argued they had been given less than ten days' notice as required by Local Rule 3.02(a), service was ineffective because the witness check was not tendered with the subpoena, the deposition date was after discovery cut-off, and the subpoenaed records included privileged materials and the firm already had provided non-privileged records, which had been produced to Larson. Gilchrist filed a separate motion to quash his deposition subpoena. Docket 97. While reiterating the same objections as the Allen Dyer motion, Gilchrist additionally argued service was ineffective because he had not been personally served, and the date of the deposition conflicted with his appearance as trial counsel in a case pending before the Honorable Patricia C. Fawsett.

Defendants also moved to quash all of the subpoenas and for a protective order. Docket 96. Defendants object to Larson deposing their attorney in this case. They also object to the lack of notice as to the third party subpoenas and the irrelevancy of the documents sought. Defendant also object to the lack of sufficient notice for the depositions.

II. **ANALYSIS**

    A. **Adequacy of Notice**

The discovery deadline of October 1, 2006, fell on a Sunday. Larson is correct that application of Fed. R. Civ. P. 6(a) extended the deadline to October 2, 2006. Local Rule 3.02 provides in relevant part that "a party desiring to take the deposition of any person upon oral examination shall give at least ten (10) days notice in writing to every other party to the action and to the deponent (if the deponent is not a party)."

Service of deposition notices upon defense counsel by e-mail on September 20 did not provide the ten days' notice required by Local Rule 3.02(a). Initially, service by e-mail is permissible only if the receiving party has given written consent to be served in that manner. Fed. R. Civ. P. 5(b)(2)(D). Even if Defendants had consented to service by e-mail, service by that method results in an additional three days being added after the prescribed period. Fed. R. Civ. P. 6(e). Further, defense counsel's receipt of the Christian Ideals subpoenas on September 26, 2006, provided inadequate notice for productions scheduled on September 30. Defendants objections to the lack of adequate notice as to all depositions and subpoenas duces tecum, therefore, are well taken.[1]

Similarly, delivery of the subpoena to Gilchrists' office on September 25 did not provide adequate notice. With respect to Allen, Napolitano and the custodian of records, these three received the required ten days' notice as the subpoenas were personally served on them on September 21 and 22. Quashing these subpoenas is required, however, due to the lack of notice to defense counsel.

---

[1] Additional irregularities exist as to the Christian Ideals subpoenas, which were not raised by Defendants. These include Larson's failure to comply with Fed. R. Civ. P. 45(a)(2)(C) as to the Turnaround Ministries and Billy Graham subpoenas, and probable objections based on Fed. R. Civ. P. 45(c)(3)(A).

### B. **Ineffectiveness of Service of Process**

A second basis exists to quash the subpoenas of Allen, Napolitano and Gilchrist. Service of a subpoena pursuant to Rule 45 requires both "delivery" of the subpoena to the individual commanded to appear and, if the person's attendance is required, tender of the witness fee. Fed. R. Civ. P. 45(b)(1). Failure to meet both of these requirements results in ineffectiveness of service. *See, CF&I Steel Corp. v. Mitsui & Co.(USA)*, 713 F.2d 494, 496 (9th Cir. 1983) (failure to simultaneously tender witness fees invalidates service of the subpoena); *In the Matter of Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (same).

It is undisputed that Larson failed to simultaneously provide the witness fee at the time the subpoenas were delivered to Allen, Napolitano, and Gilchrist. Docket 95-1 at 2. The failure to tender the witness fee at the time of the delivery of the subpoena results in ineffective service of the subpoena. The subpoenas, therefore, are properly quashed.

### C. **Extension of the Deadlines Set By the Case Management and Scheduling Order**

Larson moves for reconsideration of the Court's order denying a three month extension of deadlines established by the Case Management and Scheduling Order ("CMSO") pursuant to Fed. R. Civ. Pr. 60(a) and (b). Larsons' motion is based on the terminal illness of counsel's wife from early 2006 through mid-May 2006, counsel's attempts to informally resolve discovery disputes, the number and timing of documents produced, and the Court's misunderstanding of when counsel became aware of disqualified counsel's allegedly improper conduct. The Court grants Larson's motion for reconsideration. After reconsideration, the Court's prior order at Docket 89 remains unchanged.

Although Larson cites both subdivision (a) and (b) of Rule 60 in the introduction to the motion, he cites only Rule 60(b)(6) in the conclusion. Rule 60(b)(6) allows a court to grant relief from a judgment for "any other reason justifying relief." *See* Fed.R.Civ.P. 60(b)(6). Larson fails to identify any clerical error in the Court's prior order. Therefore, no basis exists to modify the Court's ruling based on Rule 60(a). The Court interprets Larson's motion as being based on Rule 60(b)(6).

Rule 60(b)(6) allows a Court to relieve a party from an order for "any other reason justifying relief." Federal courts, however, grant relief under Rule 60(b)(6) only for "extraordinary circumstances." *Frederick v. Kirby Tankships, Inc.*, 205 F.3d 1277, 1288 (11th Cir.2000). For the Court to reconsider its earlier order, Larson must do more than "relitigate that which has already been considered by the Court and found lacking." *Gov't Pers. Serv. Inc. v. Gov't Pers. Mut. Life Ins. Co.*, 759 F. Supp. 792, 793 (M.D. Fla. 1991). *See also, Mincey v. Head,* 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment.") (citation omitted).

Larson's arguments regarding the scope and timing of the production of documents merely restates arguments Larson made in his earlier motion. The Court previously considered those arguments and found them wanting.

With respect to counsel's loss of his wife, the Court sympathizes with counsel for his loss. Counsel's wife, however, passed away approximately four months before Larson's motion was filed. Counsel was obligated to inform the Court of the relevant facts in his first motion rather than after the

Court rendered its decision. *See, O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992) (motions to amend judgment should not be used to raise arguments which could, and should, have been raised before judgment was issued); *Taylor v. Texgas Corp.*, 831 F.2d 255, 259 (11th Cir. 1987) (evidence cannot be "newly discovered," for purpose of rule providing for relief from judgment, if evidence is in possession either of moving party or of party's counsel prior to entry of judgment). This belatedly presented information does not support reversing the Court's earlier order.

Larson also states that the Court misunderstood when Larson became aware of Allen, Dyer's continued involvement in the case. The Court previously found that Larson knew in December 2005 that defense counsel was communicating with Allen, Dyer attorneys. Docket 89 at 2. This finding was based on counsel's letters dated December 8, 2005, and defense counsel's response that the communications with Allen, Dyer attorneys were proper. Docket 85, Exh. 5-6. Larson now states that defense counsel subsequently promised not to communicate with the Allen, Dyer attorneys. Larson states he was unaware of further communications until he received the expert reports of Napolitano and Allen. (Defendants' expert reports were due September 3, 2006, and are dated August 31, 2006, and September 1, 2006. Docket 85, Exh. 7.)

After receiving the expert reports, however, it is clear that Larson took no steps to schedule any depositions. Instead, he contacted defense counsel to seek agreement to extend the CMSO dates, which defense counsel agreed to on September 11, 2006. Docket 96-1 at 3. Larson, however, did not file his motion with the Court until September 19, 2006. Docket 85. Despite the clear warning in the CMSO that extensions are disfavored and will be granted only under certain limited conditions, Larson appeared to take it for granted that the Court would grant the extension.

-8-

It was not until after the Court denied the requested extension that Larson took any steps to schedule depositions. Larson, however, did not communicate with defense counsel but unilaterally scheduled depositions and failed to comply with the rules governing subpoenas.[2]

This case has been pending since May 5, 2005. During this time, Larson has only deposed Allen in connection with the disqualification. Docket 96-1 at 2. If Larson wanted to pursue documents regarding the alleged Christian ideals of Defendants, he could have and should have acted much earlier. Similarly, Larson failed to act diligently to take the depositions of Allen, Napolitano, Snook and Todd. Snook and Todd are parties to the case and could have been deposed well in advance of the discovery deadline. Allen and Napolitano also were identified by both parties in their Initial Disclosures as fact witnesses. Docket 96-1 at 10. These are not late-discovered witnesses. Nor does Larson satisfy his burden that a deposition of defense counsel Douglas Spears is proper in this case.

Larson fails to establish extraordinary circumstances pursuant to Rule 60(b)(6) that would support alteration of the Court's prior order. The Court's prior order at Docket 89, therefore, will not be modified.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court's prior order noted that time still remained to take depositions. If Larson had served the deposition notices personally rather than by e-mail, the depositions would have been timely noticed. Other scheduling issues also may have been avoided had Larson communicated with defense counsel.