# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BORDEN M. LARSON,**

        **Plaintiff,**

-vs-                                                        Case No. 6:05-cv-686-Orl-31JGG

**CORRECT CRAFT, INC., WILLIAM SNOOK & ROBERT TODD,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motions:

| | |
|---|---|
| **MOTION:** | **First Motion to Compel Initial Disclosures and Proper Identification and Production of Documents from Correct Craft (Doc. No. 102)** |
| **FILED:** | **October 2, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

| | |
|---|---|
| **MOTION:** | **First Motion to Compel Initial Disclosures and Proper Identification and Production of Documents from William Snook (Doc. No. 103)** |
| **FILED:** | **October 3, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

> **MOTION:** First Motion to Compel Initial Disclosures and Proper Identification and Production of Documents from Robert Todd (Doc. No. 106)
>
> **FILED:** October 4, 2006
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

On March 28, 2006, Defendant Correct Craft, Inc. served its Rule 26 Initial Disclosures on Plaintiff Borden M. Larson. Docket 102, Exh. 1. Defendants William Snook and Robert Todd served their Rule 26 Initial Disclosures on July 14, 2006. Docket 103, Exh. 3; Docket 106, Exh. 6. Defendant Robert Todd served his Rule 26 Initial Disclosures on July 14, 2006. Docket 103, Exh. 3. With respect to each defendant, Larson moves to compel them to "properly identify and produce responsive documents."

Fed. R. Civ. P. 26(a)(1)(B) requires a party to provide to other parties "a copy of, *or a description* by category and location of, all documents" that the disclosing party may use to support its claims or defenses. (Emphasis added.) Larson's motion seeks to compel Defendants to produce six categories of documents identified in the Initial Disclosures, but which Larson has been unable to locate among the 24,000 pages of documents produced by the Defendants.

The Defendants satisfied their Initial Disclosure obligations by sufficiently describing the category of documents. If Larson wanted to obtain production of these documents, the proper procedure was to serve a request for production of documents pursuant to Fed. R. Civ. P. 34. A motion to compel production of documents based on Initial Disclosures, however, is improper. *See Kleiner v. Burns*, 2000 WL 1909470, *4 n.5 (D. Kan. December 15, 2000) ("The Court will not

compel Yahoo! to provide a copy of documents, data compilations, and tangible things pursuant to Rule 26(a)(1)(B) because this subsection of the rule does not require actual production.")

Further, the Case Management and Scheduling Order provides that discovery motions filed after the discovery deadline are untimely. Docket No. 45 at 3. The discovery deadline was October 2, 2006.[1] The motions directed to Snook and Todd, filed on October 3 and October 4 respectively, are untimely.

For the above stated reasons, Larson's motions to compel production of documents based on the Initial Disclosures are **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 4, 2006.

*[signature]*
JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

---

[1] The Amended Case Management and Scheduling Order sets October 1, 2006, as the discovery deadline. Docket No. 69. Because October 1 fell on a Sunday, application of Fed. R. Civ. P. 6(a) extended the deadline to October 2, 2006.