UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

BORDEN M. LARSON,   CASE NO. 6:05-CV-686-ORL-31JGG

    Plaintiff,

vs.

CORRECT CRAFT, INC., WILLIAM
SNOOK and ROBERT TODD,

    Defendants.
_____/

### CORRECT CRAFT INC.'S RESPONSE TO LARSON'S SECOND MOTION TO COMPEL ANSWERS TO HIS RE-SUBMITTED FIRST SET OF INTERROGATORIES TO CORRECT CRAFT, INC.

Defendant, Correct Craft, Inc. ("Defendant" or "Correct Craft"), hereby responds to what Plaintiff has titled the Second Motion to Compel Answers to Re-Submitted First Set of Interrogatories to Correct Craft (the "Motion to Compel") filed by Plaintiff, Borden M. Larson ("Plaintiff" or "Larson").

### I. INTRODUCTION AND BACKGROUND

Larson has once again filed an unnecessarily lengthy, cumbersome, forty-three (43) page, discovery motion that is confusing, disorganized, and lacking in both a factual and legal basis. Correct Craft has attempted to respond to the numerous allegations made against it by Larson and has organized this Response in an attempt to frame the issues that Larson appears to be bringing before this Court.

First, for the sake of clarity, this is not a "second" motion to compel responses to this set of interrogatories. On or about January 6, 2006, this Court entered an Order (the "Discovery Order"), which, among other things, struck Correct Craft's answers to

1

Larson's Interrogatories, dated May 24, 2004, due to Correct Craft's failure to verify same under oath. However, the Court also struck the interrogatories themselves and allowed Plaintiff to "start fresh" with his interrogatories and to "limit his interrogatories to 25 in number, including subparts." *See,* Discovery Order at pgs. 2-3. Accordingly, on or about January 23, 2006, Larson propounded the interrogatories at issue here. In response thereto, on or about February 21, 2006, Correct Craft timely filed the Objections and Answers to Plaintiff Borden M. Larson's Re-Submitted First Set of Interrogatories to Defendant Correct Craft Inc. This is Larson's first motion to compel with respect to these re-submitted interrogatories.

Now, over seven (7) months later, and only five (5) days prior the end of discovery in this matter, Larson has filed this Motion to Compel as part of a series of "eleventh hour" discovery motions. This motion seeks, among other things, an Order from this Court overruling the objections of Correct Craft to the Interrogatories and compelling answers to same. However, Correct Craft's objections to the Interrogatories are well founded in both law and fact. Moreover, despite the objectionable nature of the Interrogatories, Correct Craft submits that it has adequately answered the Interrogatories. Accordingly, there is no basis for the relief requested in the Motion to Compel.

## II. CORRECT CRAFT'S OBJECTIONS TO THE INTERROGATORY DEFINITIONS AND INSTRUCTIONS WAS PROPER

### A. Correct Craft is Neither Estopped from Asserting, Nor has it Waived, its Objections to the Interrogatory Definitions and Instructions.

Larson argues that since he used the same instructions and definitions for the Interrogatories that Correct Craft (through its prior counsel) used in its interrogatories to Larson submitted on or about July 23, 2004, while this matter was pending in state court,

Correct Craft should be estopped from objecting to the very language their prior counsel crafted and has waived any such objections because it has insisted that Larson comply with same. Larson has failed to cite any authority to support this position.

Larson's argument with respect to estoppel and waiver are both premised on his assertion that Correct Craft is objecting to definitions and instructions that it used in its own interrogatories propounded on Larson. Although the definitions and instructions may be facially the same, they are quite different in application. Correct Craft's objection to the use of the instructions and definitions here was not a *per se* objection to the instructions and definitions, but an objection to the way in which they made responding to discovery burdensome based on the manner in which Larson has crafted his interrogatories and by virtue of the fact that they caused the number of interrogatories to vastly exceed the amount permitted by the Discovery Order and the Federal Rules of Civil Procedure. Individual Interrogatories propounded by Larson contain numerous defined words requiring Correct Craft to flip back and forth just to determine what is being asked. Moreover, given the compound nature of the Interrogatories, in light of the definitions and instructions, they caused several of the Interrogatories to have numerous subparts, thus greatly exceeding the limit on the number of interrogatories allowed by the Federal Rules of Civil Procedure and the Discovery Motion

However, assuming *arguendo,* that the definitions and instructions used by Correct Craft were the same, Correct Craft is not estopped from objecting to Larson's definitions and instructions. The United States District Court for the Middle District of Florida has noted that the elements of estoppel are:

> (1) a representation by the party estopped to the party claiming the estoppel as to some material fact, which representation is contrary

> to the condition of affairs later asserted by the estopped party; (2) a reliance upon the representation by the party claiming the estoppel; and (3) a change in the position of the party claiming the estoppel to his detriment, caused by the representation and his reliance thereon.

*Modern, Inc., v. Florida*, 2006 WL 1627270, *12 (M.D.Fla.) (citing *Jewett v. Lessinger*, 655 So.2d 1210, 1212 (Fla. 4th DCA 1995)). Larson has offered no argument on this issue showing that the elements of true estoppel have been met.

Moreover, Correct Craft has not waived its right to object to Larson's definitions and instructions because it "insisted that Larson comply" with same. The Untied States Court of Appeals for the eleventh circuit has stated that:

> [w]aiver requires (1) the existence at the time of the waiver a right, privilege, advantage, or benefit which may be waived; (2) the actual constructive knowledge thereof; and (3) and the intention to relinquish such right, privilege, advantage or benefit.

*Dade County v. Rohr Industries, Inc.*, 826 F.2d 983, 990 (11th Cir. 1987) (citing *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982)). Again, Larson has offered no argument or facts which would constitute a "waiver" of any objection by Correct Craft.

B.  The Definitions and Instructions to the Interrogatories are Objectionable.

In its objections to Larson's instructions and definitions, Correct Craft relies on *In re Olympia Holding Corp.*, 189 B.R. 846 (Bankr.M.D.Fla. 1995), and does so again in this response. In *Olympia Holding*, the court found, based on the nature of the plaintiff's interrogatories in light of the voluminous and complex set of definitions and instructions, that they were improper because they overburdened and harassed the defendant.[1] *See, Id.* at 854. The Court in *Olympia Holding* stated that "the use of interrogatories is improper

---

[1] In the Motion to Compel, Larson states that "*Olympia Holdings* merely notes that [the definitions] were cumbersome, not that they were improper." Larson's "analysis" of the case is misleading and incorrect.

4

if it is so overly burdensome that it harasses the other party. Plaintiff's interrogatories are accompanied by five pages of detailed instructions and definitions which prelude a lengthy series of equally complex questions." *Id.* As such, Correct Craft's reliance is not misplaced and it gives proper guidance to this Court in ruling on the propriety of Correct Craft's objections to the Interrogatories' definitions and instructions. The Court in *Olympia Holdings* noted that it was not the definitions and instructions alone that caused the interrogatories to be overly burdensome and therefore improper, but it was these definitions and instructions taken in conjunction with the lengthy complex interrogatories themselves. In this case, like *Olympia Holdings*, the manner in which Larson has crafted lengthy, compound, interrogatories made them objectionable when viewed in conjunction with the definitions and instructions.

C.  Correct Craft's Alleged Failure to Respond to Larson's "Legal Analysis" is Not an Implicit Consent to the Correctness of Same.

In the Motion to Compel, Larson has also stated that the only case law he has found with respect to definitions and instructions is case law supporting their use. Larson has alleged that he "sent this very language and argument to Correct Craft months ago . . . Correct Craft failed to respond . . . [and that] by failing to respond Correct Craft has implicitly consented to the correctness of Larson's legal position and analysis." As such, according to Larson, the objections to the instructions and definitions should be overruled. This position is absurd, as is evident from Larson's complete failure to cite any authority in support of same.

The United Stated District Court for the Middle District of Florida has held that:

> [w]hile failure to respond to a "pleading" or to certain types of discovery may result in facts being presumed true (e.g.

5

> Fed.R.Civ.P. 8(d); 36(a)), there is no such consequence to the
> failure to respond to a letter . . . .

*United States v. Stoecklin*, 848 F. Supp. 1521, 1527 (M.D.Fla. 1994). Correct Craft has not failed to respond to any pleadings and discovery in this matter. No argument can be made that Correct Craft implicitly consented to any fact or legal analysis in this case based on its alleged failure to respond to a few sentences in a letter regarding discovery issues.

### III. CORRECT CRAFT PROPERLY OBJECTED TO AND ADEQUATELY ANSWERED INTERROGATORIES WHICH INQUIRED INTO THE TYPE OF DILIGENT SEARCH CORRECT CRAFT MADE OF ITS RECORDS

A. Correct Craft's Objection Based on the Irrelevant Nature of Such Interrogatories was Proper

Larson has propounded several Interrogatories which ask Correct Craft to state whether and what type of diligent search of its files it made, and to identify the documents it searched, in answering the Interrogatories and responding to document requests by Larson and in formulating certain of the facts related to its Answers, Affirmative Defenses and Counter-Claim in this action. (*See, e.g.,* Interrogatory Nos. 2, 4, 18).[2] Correct Craft objected to these interrogatories on the basis of, among other things, relevance, and stands by this objection herein.[3] Rule 26(b)(1) of the Federal Rules of Civil Procedure provides, in pertinent part, that "parties may obtain discovery regarding any matter . . . that is relevant to *the claim or defense of any party* . . . ." Fed.R.Civ.P. 26(b)(1) (emphasis added). A request for discovery should be considered

---

[2] In the event that Correct Craft has inadvertently not identified a specific interrogatory, which requests such information, Correct Craft incorporates the response set forth herein to same.
[3] Correct Craft has also objected to several of these types of Interrogatories as improper "contention interrogatories, which will be discussed *infra.*

relevant if there is any possibility that information sought may be relevant to the subject matter of the action. *See, Detweiler Bors., Inc. v. John Graham & Co.*, 412 F.Supp. 416 (E.D.Wash. 1976). The subject matter of this litigation is the circumstances surrounding the conceptualization, creation and patenting of certain inventions. Whether Correct Craft has, and in what manner, made a diligent search of all its files and records, and inquiry with its employees, has no bearing on any claim or defense in this matter. In fact, in the Motion to Compel, Larson states that "[a]sking whether Correct Craft made a diligent search of their records is relevant for the simple task of determining compliance with the rules of discovery." Correct Craft's compliance with the rules of discovery has no relation whatsoever to any claim or defense in this matter. Information requested during discovery must be relevant only to the subject matter of the suit, rather than to technical issues. *See, Union Carbide Corp. v. State Bd. of Tax Commissioners of State of Indianan*, 161 F.R.D. 359 (S.D.Ind. 1993). Accordingly, Interrogatories which inquire into the nature of the search of documents conducted by Correct Craft are objectionable as they bear no relevance on the subject matter of this litigation, nor will they lead to the discovery of admissible evidence, and are therefore beyond the scope of permissible discovery as allowed by Fed.R.Civ.P. 26(b)(1).[4]

### B. Despite Their Objectionable Nature, Correct Craft Attempted to Answer These Interrogatories in Good Faith.

Although these Interrogatories were objectionable, Correct Craft nevertheless provided a good faith answer to same, and, consequently, there is no basis for the Motion to Compel. The Interrogatories asked what type of search was made and Correct Craft responded that it had its employees identify in the company's records, and pull, all files,

---

[4] The impermissible nature of these Interrogatories also makes them unduly burdensome.

management meeting minutes, Board of Directors meeting minutes, and licenses relating to the subject matter of this action, as well as Borden Larson's personnel file. Larson, in the Motion to Compel, incorrectly asserts that Correct Craft is relying on Rule 33(d) of the Federal Rules of Civil Procedure in responding to these Interrogatories and that Correct Craft is "claiming that Larson can obtain the answer himself by reviewing . . . documents." Correct Craft, in answering these Interrogatories, did not refer Larson to documents under Fed.R.Civ.P. 33. Correct Craft answered these Interrogatories, subject to the objections raised, and summarized what had been done to gather documents relevant to this case. Accordingly, there is no basis to strike Correct Craft's objections and compel additional answers to these Interrogatories.

### IV. CORRECT CRAFT OBJECTED WITH SUFFICIENT SPECIFICITY TO THE INTERROGATOTIES

Contrary to Larson's contentions in the Motion to Compel, the various objections of Correct Craft to the Interrogatories were stated with sufficient specificity. Objections to interrogatories should be:

> sufficiently specific to the end that the court may, in considering such objections with the interrogatory propounded, ascertain therefrom their claimed objectionable nature; that is whether the interrogatory calls for matter that is relevant to the subject mater involved in the pending action, is privileged, or oppressive or vexatious.

*Bowles v. Safe-Way Stroes, Inc.*, 4 F.R.D. 469, 470 (W.D.Mo. 1945); *see also, Hoffman v. Wilson Line, Inc.*, 7 F.R.D. 73 (E.D.Pa. 1946). Correct Craft submits that the objectionable nature of several of the Interrogatories was clear from their plain language and therefore did not necessitate a more elaborate response from Correct Craft and that the remaining objections were sufficiently set forth. All the objections raised by Correct

8

Craft, when viewed along with the interrogatory itself, allow this Court to ascertain their objectionable nature.

Specifically, as for the Interrogatories which asked Correct Craft to explain the nature of any diligent search of its records, it was clear, as conceded in the Motion to Compel, that such Interrogatories were really only asking for information regarding compliance with discovery rules and not seeking information regarding the subject matter of this action. This Court could easily ascertain the irrelevant nature of these interrogatories based on the information given. Additionally, with respect to Interrogatory No. 20, which asks about information regarding Correct Craft characterizing itself as a "Christian Company," the irrelevant nature of same is clear as this case is a matter dealing with the conceptualization, creation and patenting of certain inventions. Larson's assertion of "Christian Principles" in his pleadings and his apparent desire to have the Court determine and <u>enforce correct "Christian principles,"</u> does not make those matters a proper or legal issue in this case. On the face of the interrogatory, the Court is able to determine the irrelevant and harassing nature of the inquiry.

The same logic applies to Correct Craft's attorney-client and work-product privilege objections to Larson's contention interrogatories (Interrogatory Nos. 3, 4, 5, 6, 7, 8, 10, and 12) and to Interrogatory Nos. 13, 15, and 21 wherein Larson asks Correct Craft to identify communications regarding the wakeboard tower concept and patents between Correct Craft and its own attorneys. It is obvious that interrogatories, which request the basis for answers and affirmative defenses to a complaint and to a party's counter-claim, as well as conversations regarding legal issues involved in the case

between an attorney and client, are necessarily going to require a party to divulge privileged information.

### V. LARSON HAS PROPOUNDED NUMEROUS, IMPROPER CONTENTION INTERROGATOTIRES

Larson has requested that Correct Craft set forth certain facts and evidence, and steps taken to inquire into the veracity of same, with respect to, among other things,: (i) its denials and admissions to the Complaint (Interrogatory Nos. 3, 4, and 5) ; (ii) its Affirmative Defenses (Interrogatory No.6); (iii) its Counter-Claims (Interrogatory Nos. 7 and 8);[5] (iv) whether Larson was given a job assignment to design the wakeboard tower (Interrogatory No. 10); (v) whether Larson was hired to create the wakeboard tower (Interrogatory No. 11); and (vi) whether Defendants Snook or Todd contributed to the creation of the wakeboard tower (Interrogatory No. 12).[6] In the Motion to Compel, Larson has stated that these Interrogatories are not "contention interrogatories." Larson is incorrect.

Contention interrogatories "are broadly defined as questions that ask an opposing party to state the *facts, evidence*, or legal theories upon which it bases specified contention(s) . . .." *In re Domestic Air Transportation Antitrust Litigation*, 1992 WL 120351, *1 (N.D.Ga.) (quoting *McCaugherty v. Sifferman*, 132 F.R.D. 234, 249 (N.D.Cal. 1990)) (emphasis added). It is clear from Larson's own definition of the term "information," as used in these Interrogatories, that he is asking Correct Craft to state the facts and evidence upon which it bases certain factual and legal positions it has taken.

---

[5] The Counter-Claims are the subject of a pending motion to dismiss, thus rendering Larson's request to compel answers to interrogatories regarding same moot.

[6] In the event that Correct Craft has not identified a specific matter upon which Larson has requested that Correct Craft set forth certain facts and evidence, and steps taken to inquire into the veracity of same, Correct Craft incorporates the response set forth herein.

Larson's attempt to classify these Interrogatories as "identification interrogatories" is disingenuous. There is obviously no difference between asking a party to "identify" facts and evidence and asking a party to "state" facts and evidence.

As set forth in Correct Craft's objections to the Interrogatories, these "contention interrogatories" are not proper. In this regard, the Middle District Discovery Handbook states:

> Interrogatories that generally require the responding party to state the basis of particular claim, defenses . . . should be used sparingly and, if used, should be designed (1) to target claims defenses, or contentions that the propounding attorney reasonably suspects may be the proper subject of early dismissal or resolution or (2) to identify and narrow the scope of unclear claims, defenses, and contentions. Interrogatories that purport to require a detailed narrative of the opposing parties case are generally improper because they are overboard and oppressive.

Middle District Discovery (2001) at pg. 16; *see also, Freedman v. Lincoln National Life Insurance Co.*, 2005 WL 2850307 (M.D.Fla.). Correct Craft submits that Interrogatories that require it to state all the facts and evidence that support its denials, admissions and Affirmative Defenses to a Complaint containing 129 numbered paragraphs are not designed to target any specific claims defenses, or contentions that Larson may suspect are the proper subject of early dismissal or resolution or designed to identify and narrow the scope of unclear claims, defenses, and contentions. Larson is, in fact, asking for a detailed narrative of Correct Craft's entire case. As set forth in the Middle District Discovery Handbook, such Interrogatories are improper and are overbroad and oppressive.

## VI. CORRECT CRAFT'S OBJECTIONS TO THE INTERROGATOTIRES EXCEEDING THE NUMEROUSITY LIMITS WAS PROPER.

Although Larson's Interrogatories are set forth in twenty-two (22) numbered questions, they, in fact, *greatly* exceed the numerosity limits as allowed by the Federal Rules of Civil Procedure and the Discovery Order. Specifically, Interrogatory No. 3 asks for the identification of facts and evidence with respect to approximately sixty (60) separate denials of the allegations in the Complaint; Interrogatory No. 4 asks Correct Craft to identify each inquiry it made with respect to over twenty-five (25) separate assertions that it "lacked knowledge" with respect to certain allegations in the Complaint; Interrogatory No. 5 asks for the identification of facts and evidence with respect to approximately seven (7) separate admissions of the allegations in the Complaint; Interrogatory No. 6 asks for the identification of facts and evidence with respect to nine (9) separate Affirmative Defenses raised by Correct Craft; Interrogatory No. 7 asks for the identification of facts and evidence with respect to Count I of its Counter-Claim, which contains numerous factual and legal allegations; and Interrogatory No. 8 asks for the identification of facts and evidence with respect to Count II of its Counter-Claim, which also contains numerous factual and legal allegations. As such, based on these facts, it is clear that Larson has actually propounded well over one hundred (100) interrogatories on Correct Craft. Rule 33 of the Federal Rules of Civil Procedure, as well as the Discovery Order, limits the number of interrogatories to 25, *including subparts*. Fed.R.Civ.P. 33(a); Discovery Order at pg. 2-3. Correct Craft's objection to these Interrogatories as vastly exceeding the numerosity limits for interrogatories was proper.

# VII. CORRECT CRAFT HAS NOT WAIVED ITS WORK PRODUCT AND ATTORNEY-CLIENT PRIVILEGE.

With respect to several of Correct Craft's objections to Interrogatories, Larson once again incorrectly argues that "Correct Craft waived any work product or attorney-client privilege by sharing the Allen-Dyer firm with Larson." In support of this argument, Larson directs the Court's attention to the Order disqualifying Allen-Dyer from continuing to represent Correct Craft in this action (the "Disqualification Order"). As has already been argued in response to this same argument in Larson's Second Motion to Compel Production of Documents from Defendant Correct Craft, Inc. and Motion for Sanctions (Doc. 83), Larson is attempting to use the Disqualification Order to paint with an exceptionally broad brush with respect to Correct Craft's attorney-client and work-product privilege with Allen-Dyer. In the Disqualifying Order, this Court found sufficient grounds to disqualify Allen-Dyer from representing Correct Craft in this case. There was no finding by this Court that Allen-Dyer represented Larson in the same matter that is before the Court today, as contended by Larson. And this Court certainly did not make this finding with respect to the existence and waiver of privilege, because it was not at issue with respect to the disqualification of Allen-Dyer. Larson's attempt to invoke any waiver of the attorney-client or work product privilege based on the Disqualifying Order, is incorrect.

The Florida Statutes provide, in relevant part, that, "[t]here is no lawyer-client privilege . . . when . . . [a] communication is relevant to a matter of common interest between two or more clients, or their successors in interest, if the communication was made by any of them to a lawyer retained or consulted in common when offered in a civil

action between the clients or their successors in interest." *See,* Section 90.502(4)(e), Florida Statutes. However, the "common interest exception" to lawyer-client privilege requires the trial court to examine the communications involving the distinct matter to determine whether the clients in that matter had such common interests that the client involved in the communications lacked an objective reasonable basis to preserve the confidentiality of the communications from the other client. *See, Cone v. Culverhouse*, 687 So.2d 888 (Fla. 2d. DCA 1997). The burden of proof is on Larson to establish these facts and the exception to privilege. *See, Id.* at 892. Larson cannot rely on the Disqualification Order and the allegations set forth in the Motion to Compel to establish an alleged waiver of Correct Craft's privilege. Larson is required to bring forth specific evidence which he believes leads to the waiver of privilege. Accordingly, Larson has not properly brought before this Court the issue of waiver of the attorney-client and work-product privilege.

### VIII. CORRECT CRAFT PROPERLY OBJECTED TO INTERROGATORY NO. 11 AS ARGUMENTATIVE AND MISLEADING.

Interrogatory No. 11 asks for facts and evidence that Correct Craft may be aware of with respect to whether Larson was "hired for" the purpose of creating the wakeboard tower. Correct Craft objected to this Interrogatory on the grounds that it's argumentative and misleading. In the Motion to Compel, Larson argues that this Interrogatory is proper because whether Larson was "hired" to design the wakeboard tower is a central issue in this case. In support of this argument, Larson cites *Teets v. Chromalloy Gas Turbine Corp.*, 83 F.3d 403 (Fed.Cir. 1996), as standing for the proposition that "Florida law provides that an employer cannot claim ownership of an employee's invention 'unless [a]

contract of employment by express terms or unequivocal inference shows that the employee was <u>hired for</u> the express purpose of producing the thing patented.'" This is incorrect. Although *Teets* does state that an employer cannot claim ownership of an employee's invention unless a contract of employment by express terms or unequivocal inference shows that the employee was hired for the express purpose of producing the thing patented, the Court also notes that an employer can also claim ownership if it *directs* the employee to exercise inventive faculties. *Id.* at 407; *see also Pedersen v. Akona, LLC*, 429 F.Supp.2d 1130, 1141 (D.Minn. 2006) (noting that *Teets* holding is not solely based on whether employee was "hired" to invent, but ownership of a patent can also be claimed by an employer if the employee's job duties included inventing).

As Larson well knows, both from documents produced and from his own sworn testimony in a prior proceeding relating to the validity of these same patents, he was hired originally in 1986 as a draftsman, was promoted to the head of the design department in 1988 and by 1996, when he was involved in the development of the wakeboard tower, he was, by his own testimony, the supervisor of research and development. *See,* Deposition of Borden Larson taken on June 21, 2002 in connection with *Correct Craft, Inc. v. Tower Systems, Inc. d/b/a Atlantic Towers*, Case No. 00-CV-788, United States District Court, Middle District of Florida, at pg. 6, lines 14-15. True and correct copies of the relevant pages of the deposition transcript are attached hereto as Exhibit "A". Rather than inquire into what Larson's job duties were in the relevant time period, 1996, Larson instead seeks to "argue" his strained interpretation and application of the *Teets* decision and ask for "evidence" that Larson was "hired to invent." This Interrogatory doesn't seek relevant

evidence, but rather tries to manipulate responses that argue a point of law. This is simply not a properly crafted discovery request.

Larson's contention that whether or not he was "hired for" the purpose of designing the wakeboard is a relevant matter on which to base an interrogatory, is incorrect. Such an interrogatory is argumentative. It is based on the position that this factor is dispositive of the ownership of the patent. It is basically asking Correct Craft to argue the legal merits of the case rather than inquiring into relevant facts. For this reason Interrogatory No. 11 is improper and Correct Craft correctly objected to same.[7]

### IX. CORRECT CRAFT ADEQUATELY ANSWERED INTERROGATOTIRES 17, 18, AND 19

In the Motion to Compel, Larson seeks an Order striking Correct Craft's objections to Interrogatory Nos. 17, 18, and 19, and compelling Correct Craft to answer same. Although Correct Craft does object to Interrogatories 17 and 18 because they are, among other things, burdensome, overbroad, and vague, a review of the responses to same, reveals that despite this objectionable nature, Correct Craft adequately answered these Interrogatories. As for Interrogatory No. 19, Correct Craft raised no objections and adequately answered same. Accordingly, since these Interrogatories were adequately answered, there is no basis for relief.

### X. CORRECT CRAFT PROPERLY OBJECTED TO INTERROGATORY NO. 20 AS IRRELEVANT AND HARASSING

Interrogatory No. 20 asks Correct Craft to identify information regarding Correct Craft characterizing itself as a "Christian" company. Correct Craft objected to this

---

[7] Correct Craft did provide an answer to this Interrogatory, which described Larson's job duties.

Interrogatory on the grounds that it was wholly irrelevant and misleading.[8]  As previously stated, the subject matter of this litigation is the circumstances surrounding the conceptualization, creation and patenting of certain inventions.  Whether or not Correct Craft has held itself out to be a Christian company is completely irrelevant to this subject matter and can only serve to harass Correct Craft.

In the Motion to Compel, Larson does correctly state that he has made an allegation with respect to Correct Craft holding itself out to be a "Christian" company.  However, this allegation was made by Larson in connection with a claim for constructive fraud against Correct Craft in trying to establish a fiduciary duty owed by Correct Craft to Larson based on the parties sharing the same religious values.  Under Florida law, showing that both parties to an agreement belonged to the same religion does not give rise to the "higher relationship conceptually envisioned by the term . . . 'fiduciary.'" *See, Folz v. Beard*, 332 So.2d 129, 130-31 (Fla. 2d DCA 1976).  Whether or not Correct Craft has held itself out to be a Christian company is completely irrelevant to this subject matter as well because it has no bearing on the existence of a fiduciary relationship, which would give rise to a claim for constructive fraud, and can only be seen as an attempt to harass Correct Craft.

## XI.  LARSON IS NOT ENTITLED TO AN AWARD OF EXPENSES AND SANCTIONS IN BRINGING THE MOTION TO COMPEL

The Federal Rules of Civil Procedure provide, in relevant part, that:

> [i]f the motion is granted or if the disclosure or requested discovery is provided after the motion was filed, the court shall,

---

[8] As discussed *supra*. This objection was stated with sufficient specificity to allow the Court to ascertain the objectionable nature of Interrogatory No. 20, as the irrelevant nature of the question propounded was clear on its face.

> after affording an opportunity to be heard, require the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Fed.R.Civ.P. 37(a)(4)(A). As set forth above, there are no grounds for granting the Motion to Compel, accordingly, no basis exists for the award of expenses as sanctions to Larson with respect to bringing same.

Moreover, a party is not entitled to an award of expenses if the court finds that the opposing party's nondisclosure, response, or objection was substantially justified. Fed.R.Civ.P. 34(a)(4)(A); *see also, Capital Corp. Mergers & Acquisitions v. Arias Co., Ltd.*, 2006 WL 1208012, *4 (M.D.Fla.). There is no bright-line test for determining substantial justification, however, where an impartial observer would agree that a party has good reason to withhold discovery, the justification is "substantial." *See, Alvarez v. Wallace*, 107 F.R.D. 658 (W.D.Tex. 1985). Additionally, a good-faith dispute concerning a discovery question might constitute "substantial justification." *See, Liew v. Breen*, 640 F.2d 1046 (9th Cir. 1981). Correct Craft had good reason and substantial justification for its objections and responses. The Interrogatories were improper, burdensome, vague, and often requested privileged information. Correct Craft raised these issues in good faith. Accordingly, Correct Craft submits that no grounds exist for a demand or award of fees and expenses in this circumstance for bringing same.

## XII. CONCLUSION

Correct Craft has properly objected to the Interrogatories propounded to it by Larson. These objections are well-founded in both law and fact. However, despite the objectionable nature and form of the Interrogatories, Correct Craft has done its best to respond to same. The issues raised by Larson in this Motion to Compel are not supported by the facts or law. For the reasons set forth herein, Larson is not entitled to the relief requested in the Motion to Compel. Correct Craft has complied in good faith with the requirements of the Federal Rules of Civil Procedure, The Middle District Discovery Handbook, and Orders of this Court. Accordingly, Correct Craft respectfully submits that the Motion to Compel must be DENIED.

s/ Douglas C. Spears
DOUGLAS C. SPEARS
Florida Bar No.: 373801
STUMP, CALLAHAN, DIETRICH
& SPEARS, P.A.
Post Office Box 3388
Orlando, FL 32802-3388
Telephone: (407) 425-2571
Facsimile: (407) 425-0827
dcs@stumplaw.com
Counsel for Defendants

I HEREBY CERTIFY that on October 10, 2006, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: BEECHER A. LARSON, Esq., Law Office of Beecher A. Larson, 1201 Ridge Road, Longwood, Florida 32750-4563.

s/ Douglas C. Spears
Douglas C. Spears