# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BORDEN M. LARSON,**

               **Plaintiff,**

**-vs-**                              **Case No.  6:05-cv-686-Orl-31JGG**

**CORRECT CRAFT, INC., WILLIAM
SNOOK & ROBERT TODD,**

               **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **LARSON'S SECOND MOTION TO COMPEL ANSWERS TO HIS RE-SUBMITTED FIRST SET OF INTERROGATORIES (Doc. No. 92)** |
| **FILED:** | **September 25, 2006** |

**THEREON** it is **ORDERED** that the motion is **DENIED**.

## I.    BACKGROUND

Larson initially filed this case in state court on April 22, 2004.  Docket 2.  On May 27, 2004, while the case was still pending in state court, Plaintiff served a set of 20 interrogatories upon Defendant Correct Craft.  Docket 56 at 1.  Correct Craft objected and partially responded to the interrogatories on July 20, 2004, but did not answer under oath, and counsel did not sign the response as to the objections. Docket 61 at 1.

Defendants removed the case to federal court on May 5, 2005. Docket 1. On November 22, 2005, Plaintiff sought Correct Craft's consent to serve an additional set of 16 interrogatories. Docket 56 at 2. Correct Craft refused to agree to the additional interrogatories and contended that Plaintiff already had exceeded the 25 interrogatory limit because the first set of interrogatories contained distinct subparts. Docket 56 at 2. Plaintiff then moved to exceed the 25 interrogatory limit (Docket 56), and moved to strike Correct Craft's previous response as the answers to the interrogatories were not made under oath and the attorney had failed to sign as to the objections. Docket 61.

On January 6, 2006, the Court denied Plaintiff's motion to exceed the 25 interrogatory limit, and granted the motion to strike the unverified and unsigned interrogatory answers. As Plaintiff clearly wanted to propound more than 25 interrogatories, the Court thought it would be better for Plaintiff to "start fresh" with his interrogatories, and so it struck the previously served interrogatories. Docket 66 at 2. The Court contemplated that its order would permit Plaintiff to evaluate which of the 36 interrogatories he wished to propound, and perhaps to re-evaluate the wording of the interrogatories to address Correct Craft's arguments that the interrogatories contained distinct subparts.

On January 23, 2006, Plaintiff propounded his Second Set of Interrogatories, which are at issue here. Plaintiff's Second Set of Interrogatories set forth 13 enumerated questions with various subparts.[1] Many of these interrogatories ask Correct Craft to identify all facts, documents and evidence

---

[1] Larson's brief states that the interrogatories at issue are set forth in Attachment 1. Docket 92-1 at 2. The interrogatories in Attachment 1 contains 13 enumerated interrogatories. Docket 92-2. The brief, however, purports to set forth 21 enumerated interrogatories. Correct Craft's answers are attached at Attachment 2 and contain responses to 22 interrogatories. Docket 92-3. Because Plaintiff greatly exceeded the 25 interrogatory limit, as discussed below, the Court has limited its analysis to those 13 interrogatories contained in Attachment 1.

in support of admissions and denials in its Amended Answer to the First Amended Complaint,[2] and all facts, documents and evidence in support of Correct Craft's counterclaims. On February 21, 2006, Correct Craft timely objected generally to the definitions and instructions as making the response unduly burdensome and creating so many subparts as to exceed the 25 interrogatory limit. Correct Craft also raised a number of specific objections to individual interrogatories.

After the passage of almost six months, on August 8, 2006, Plaintiff contacted Correct Craft for the first time about its response. Docket 92-1 at 2. On that date, Plaintiff sent Correct Craft a draft of the instant motion with a short cover letter asking for Correct Craft's "comments" by August 14, 2006. Docket 92-4. On August 15, 2006, Correct Craft responded by letter. With respect to one of the interrogatories, Correct Craft responded that it did not understand Plaintiff's argument and attempted to explain Correct Craft's reason for its response. Correct Craft stood by its other objections. Correct Craft attempted to explain why Plaintiff's interrogatories were improper, and that it "was amenable to [Plaintiff] trying to rephrase various of the interrogatories to focus the inquiry." Docket 92-5 at 3. Plaintiff did not confer further with Correct Craft before filing its motion on September 25, 2006, six days before the discovery deadline. Docket 92-1 at 2.[3]

---

[2] The First Amended Complaint is 35 pages long, excluding the attachments, and has 129 separately numbered paragraphs (not counting the numerous subparagraphs).

[3] Larson's Local Rule 3.01(g) statement alleges that attorney Larson attempted to confer in person with defense counsel Spears before he received Spears's letter dated August 15, 2006. Docket 92-1 at 43. Attorney Larson alleges Spears refused to confer in person, despite this Court's express order that parties are to confer in person or by telephone prior to the filing of a motion. See Docket 45 at 4. Attorney Larson telephoned Spears on the day the motion was filed, but Spears was unavailable. Attorney Larson filed the motion at 1:37 p.m. on the same day that he telephoned Spears. No supplemental 3.01(g) statement has been filed, and Correct Craft's response did not address Larson's allegations in his 3.01(g) statement.

II.   **ANALYSIS**

   A.     **Plaintiff Failed to Satisfy the Conference Requirements Before Filing the Motion**

   Federal Rule of Civil Procedure 37 requires the movant to make a good faith attempt to resolve the discovery dispute before filing a motion to compel discovery responses. Fed. R. Civ. P. 37(a)(2)(B).  Local Rule 3.01(g) also requires a moving party to confer with opposing counsel prior to filing a motion to compel "in a good faith effort to resolve the issue."   If the parties are unable to resolve their differences, Rule 3.01(g) requires the moving party to file a statement with his motion that certifies he has conferred with opposing counsel and the parties could come to no resolution. Although Plaintiff certifies that he complied with the conference requirement of Local Rule 3.01(g), the Court finds that he failed to satisfy the underlying purpose of the rule or the Court's Case Management and Scheduling Order ("CMSO").

   The purpose of Local Rule 3.01(g) "is to require the parties to communicate and resolve certain types of disputes without court intervention." *Desai v. Tire Kingdom, Inc.*, 944 F. Supp. 876, 878 (M.D. Fla.1996).  The term "communicate" has been further clarified to mean, "to speak to each other in person or by telephone, in a good faith attempt to resolve disputed issues." *Davis v. Apfel*, 2000 WL 1658575 *2 n.1 (M.D. Fla. August 14, 2000).  The CMSO reiterates that the term "confer" in Rule 3.01(g) "requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax or letter." Docket 45 at 4 (emphasis in original).  Local Rule 3.01(g) also states, "[a] certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer."

Attorney Larson's letter asking for Correct Craft to comment on a draft motion and then failing to respond to Correct Craft's comments is not a good faith attempt to resolve disputed issues. *See, Cardenas v. Dorel Juvenile Group, Inc.*, 230 F.R.D. 635, 637 n. 14 (D. Kan. 2005) ("the term 'reasonable effort to confer' means more than mailing, telefaxing, or e-mailing a single letter to the opposing party; '[i]t requires that the parties in good faith converse, confer, compare views, consult and deliberate, or in good faith attempt to do so.'"); *Bayou Steel Corp. v. Danieli Corp.*, 2001 WL 456349 *1 (E.D. La., April 30, 2001) ("Exchanging letters may be a step in the process, but it is not a substitute for such a conference."). Although defense counsel Spears' allegedly refused to confer in person before he sent his letter, the letter makes it clear that he was willing to try to work something out with Attorney Larson.

Local Rule 3.01(g) places the onus on the moving party to engage in the required conference. Attorney Larson's telephone call to Spears on the same day that the motion was filed, and proceeding to file the motion at 1:37 p.m. when Spears was unavailable, does not fulfill the conference requirements. Nor did Larson supplement his Local Rule 3.01(g) statement to inform the Court about Correct Craft's position after he talked to Spears. Based on Correct Craft's response, the Court suspects that Larson failed to follow up with Spears after the motion was filed.

The Middle District Discovery Handbook provides that Local Rule 3.01(g) is strictly enforced. Middle District Discovery (2001) at 20. The CMSO also provides that the Court "will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate." Docket 45 at 4. The Court finds that Attorney Larson failed to comply with the conference requirement of Local Rule 3.01(g) and this Court's Order. Denial of the motion to compel is warranted.

-5-

B.      **Plaintiff's Interrogatories Exceeded the Twenty-Five Interrogatory Limit and are Unduly Burdensome**

Even if Plaintiff had sufficiently conferred before filing the motion and even if the motion were timely filed, the motion to compel would still be without merit because he has propounded interrogatories grossly in excess of the twenty-five interrogatory limit and are unduly burdensome.

1.      Numerosity

Plaintiff's interrogatories essentially ask Correct Craft to identify every piece of information and every document that supports its position in the litigation.  Illustrative of Plaintiff's interrogatories is Interrogatory No. 4, which asks:

> In your Amended Answer dated August 12, 2005, you deny paragraphs 1 thru 5, 8 thru 12 thru 22, 25 thru 40, 42 thru 44, 46 thru 48, 50 thru 57, 59, 61 thru 70, 72 thru 82, 84 thru 90 thru 94, and 119 thru 122 of the plaintiff's First Amended Complaint. Are you, or any of agents or persons acting on your behalf, aware of any fact, observation, document, or item evidence that either directly or indirectly, indicates that evidence may exist regarding the subject question which was denied. If your answer is anything other than an unqualified "no," for each and every such fact, observation, document, and item of evidence, please set forth following information separately, fully, specifically, and in detail:
>
> a. A detailed description of the fact, observation, document, or item of evidence, setting forth names, dates, times, places and any other information that might assist the identification and location of the subject information.
>
> b. The name, address, telephone number or other means of identification of each person who has possession or first hand knowledge of the subject fact, observation, document, or item of evidence, and that person's relationships to the parties herein.
>
> c. The method or manner by which you obtained knowledge of this information, setting forth, names, dates, times, places and any other details that relate to the manner in which you obtained such knowledge.
>
> d. If the subject information is documentary, will you please attach a copy to your answers to these interrogatories.

-6-

Plaintiff propounds similar interrogatories that seek to discover all facts and documents supporting Correct Craft's admissions in its answer, its ten affirmative defenses, and its counterclaims.

In an analogous situation, a party propounded interrogatories asking the responding party to state every fact, identify every document and identify every witness that supported the responding party's denial of requests for admission. *Safeco of Am. v. Rawstron*, 181 F.R.D. 441, 442 (C.D. Cal. 1998). The court ruled that where the underlying request for admission concerned different, separate or discreet matters, the interrogatory would be viewed as containing a subpart for each request. *Id*. at 446. Further, the court found a strong presumption that each underlying request constituted a separately countable subpart. *Id*. Other courts also have found that an interrogatory that combines a request for identification of information with a request for identification of documents constitutes two separate interrogatories. *See Kendall v. GES Exposition Serv., Inc.*, 174 F.R.D. 684, 686 (D. Nev. 1997); *Banks v. Office of the Senate Sergeant-at-Arms*, 222 F.R.D. 7, 10-11 (D.D.C. 2004). The Court agrees with the approach taken by these other courts.

Analyzing the complaint, the answer and the counterclaims, the Court counts the number of interrogatories as follows:

Interrogatory No.3 (admissions to complaint allegations):

Interrogatory 3 references 10 separate paragraphs of the complaint, which the Court finds are distinct. Interrogatory 3 equals 20 interrogatories (requesting facts and documents (x2) for 10 unique allegations).

Interrogatory No. 4 (denial of complaint allegations):

Interrogatory 4 references 81 separate paragraphs, plus numerous subparagraphs, of the complaint. The Court finds 53 of those paragraphs set forth distinct allegations. As the interrogatory calls for both identification of facts and documents, Interrogatory No. 4 equals 106 interrogatories.

Interrogatory No. 5 (lack of knowledge):

Interrogatory 5 asks Correct Craft to describe each effort it made to ascertain information as to allegations, some of which were coupled with admissions or denials. The Court finds there are 20 distinct paragraphs referenced in Interrogatory No. 5 that should be separately counted.

Interrogatory No. 6 (affirmative defenses):

Interrogatory 6 asks Correct Craft to identify all facts and documents regarding its ten affirmative defenses. The Court finds there are 20 distinct questions in Interrogatory No. 6 that should be separately counted.

Interrogatory Nos. 7-11 (counterclaims):

The Court finds that Interrogatory Nos. 7-11 each contain two distinct questions relating to identification of facts and identification of documents. These interrogatories should count as 10 separate interrogatories.

Interrogatory Nos. 2, 12, 13

Interrogatory No. 2 consists of one interrogatory. Interrogatory Nos. 12 and 13 each contain two distinct questions as to facts and documents. These interrogatories, therefore, total 5 in number.

6 asks Correct Craft to identify all facts and documents regarding its ten affirmative defenses.  The

Court finds there are 20 distinct questions in Interrogatory No. 6 that should be separately counted.

Based on the above, Plaintiff's 13 enumerated interrogatories actually contained 181 separate

and distinct questions.

2.    Undue Burden

Besides the grossly excessive number of interrogatories, the courts have long held that an

interrogatory asking a party to identify *every* fact, document or witness in support of a denial or

allegation of fact creates an unreasonable burden on the responding party.  *See, Safeco*, 181 F.R.D.

at 447.  As aptly explained by another court:

> To state 'all' facts in support of a negative proposition, of course,
> includes an inventory of evidence which defendant itself would offer
> at trial to refute the claims of plaintiff.  Beyond that, however, it would
> further require defendant to provide essentially a review of facts and
> commentary to support its evaluation, if any, that the anticipated
> evidence of plaintiff as to each disputed paragraph of the complaint
> simply lacks weight or credibility.  The request for 'all' facts, based not
> only upon knowledge, but also upon simply information and belief,
> adds a significant and reasonable burden to the task of the answering
> party.

*Id., quoting Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 663 (D. Kan.1996).  The

Court finds that Plaintiff's interrogatories were inappropriate and created an undue burden upon

Correct Craft.

For all the reasons stated above, Plaintiff's motion to compel is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on October 25, 2006.

JAMES G. GLAZEBROOK
UNITED STATES MAGISTRATE JUDGE

-9-