# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BORDEN M. LARSON,**

    **Plaintiff,**

-vs-              Case No. 6:05-cv-686-Orl-31UAM

**CORRECT CRAFT, INC., WILLIAM SNOOK & ROBERT TODD,**

    **Defendants.**

## ORDER

  The Plaintiff, Borden M. Larson ("Larson") has moved for summary judgment (Doc. 225) as to Counts IX and X of his First Amended Complaint (Doc. 3) against Defendants Robert Todd ("Todd") and William Snook ("Snook"). Larson seeks removal of Todd and Snook as his co-inventors on six patents[1] pursuant to 35 U.S.C. § 256(a). Snook and Todd have filed a response in opposition to the motion (Doc. 248).

  Defendant, Correct Craft, Inc. ("CCI") is a manufacturer of ski boats. (Doc. 3 at 2). Larson worked for CCI from 1986 until 2001. (Doc. 3 at 3). Snook was CCI's Engineering Manager. (Doc. 3 at 2).

  In 1996, Larson sketched the design of a tower for installation on CCI's "Sport Nautique." (Doc. 225 at 2). The sketches were shown to Snook, who in turn brought them to the attention of

---

[1] U.S. Patent 5,979,350 (tower) (the "'350 patent"); U.S. Patent 6,044,788 (ballast system); U.S. Patent 6,192,819 (folding tower); U.S. Patent RE37,823 (re-issue); U.S. Patent 6,374,762 (folding tower) and U.S. Patent 6,666,159 (folding tower).

CCI's senior management. (Doc. 225 at 2-3). Management liked the concept and hired an independent contractor (Todd) to fabricate a prototype for CCI (Doc. 225 at 4), but CCI ultimately used another company to produce the towers (Doc. 225 at 6).

In 1997, Todd filed a patent application covering the tower he fabricated for CCI. (Doc. 225 at 6). Thereafter, a dispute arose between Todd and CCI regarding Todd's patent application, which issued on May 18, 1999. (Doc. 225 at 6-8). On November 9, 1999, a patent was issued to CCI (the '350 patent), listing Snook and Larson as co-inventors. (Doc. 225 at 9). Todd and CCI claimed infringement of the other's patent. (Doc. 225 at 7, 10). In 2000, Todd and CCI settled their patent dispute, which resulted in Todd's assignment of his patent to CCI. (Doc. 225 at 10). In addition, Todd was added as a co-inventor on the '350 patent, along with Larson and Snook. (Doc. 225 at 10-11). In 2002, CCI filed for a re-issue patent which merged Todd's patent with the '350 patent. (Doc. 225 at 11). Todd, Larson and Snook were listed as co-inventors on the re-issue patent. (Doc. 225 at 11-12).

In connection with CCI's patent applications, Larson signed numerous documents attesting to the fact that Snook and Todd were co-inventors of the patented tower. Larson now seeks to disavow those documents and claim that Snook and Todd made no significant contribution to the conception of the invention.

Joint inventorship is governed by 35 U.S.C. Sec. 116, which states: "When an invention is made by two or more persons jointly, they shall apply for patents jointly. . . . Inventors may apply for a patent jointly even though (1) they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent." However, a joint inventor must

contribute in some significant manner to the conception of the invention. *Fina Oil & Chemical Co. v. Ewen,* 123 F.3d 1466, 1473 (Fed. Cir. 1997).[2]

Larson contends, in essence, that Snook was a mere functionary and that Todd was simply a fabricator and that neither played a significant role in the concept or design of the patented tower. Snook and Todd contend that the record is replete with evidence that they made significant and substantial conceptual contributions to the many claims that comprise the patent.

The Court has reviewed the record and concludes that there are material facts in dispute, which, when viewed in a light favorable to Defendants, preclude the entry of summary judgment in Plaintiff's favor. Furthermore, under 35 U.S.C. 282, a patent is presumed valid, and an attack on its validity requires proof of facts by "clear and convincing evidence or its equivalent, by whatever form of words it may be expressed." *Buildex, Inc. v. Kason Industries,* 849 F.2d 1461, 1463 (Fed.

---

[2]Conception is defined as 'the complete performance of the mental part of the inventive act." *Coleman v. Dines,* 754 F.2d 353, 359 (Fed. Cir. 1985).

Cir. 1988).[3]  In light of the documents signed by Larson in connection with the issuance of these patents, Larson's hurdle is simply too high to jump at this stage of the proceeding.[4]  Accordingly, it is

**ORDERED** that Plaintiff's Motion for Summary Judgment (Doc. 225) is **DENIED**.

                                        GREGORY A. PRESNELL
                                        UNITED STATES DISTRICT JUDGE

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 30, 2008.

Copies furnished to:

Counsel of Record
Unrepresented Party

---

[3] "Although not susceptible to precise definition, 'clear and convincing' evidence has been described as evidence which produces in the mind of the trier of fact 'an abiding conviction that the truth of [the] factual contentions are 'highly probable.'" *Id.* (quoting *Colorado v. New Mexico*, 467 U.S. 310, 316, 104 S.Ct. 2433, 2437-38, 81 L.Ed.2d 247 (1984)).

[4] Larson claims that his signature on these documents was obtained by fraud.  Since this issue is also rife with disputed issues of material fact, the Court need not address it in this context.