UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**BORDEN M. LARSON,**

              **Plaintiff,**

-vs-                                            Case No. 6:05-cv-686-Orl-31UAM

**CORRECT CRAFT, INC., WILLIAM**
**SNOOK & ROBERT TODD,**

              **Defendants.**

## ORDER

This matter comes before the Court on the motions for summary judgment filed by Defendants William Snook ("Snook") (Doc. 230) and Robert Todd ("Todd") (Doc. 231). The Plaintiff, Borden M. Larson ("Larson") has filed a response (Doc. 250) to the motions.

**I.    Background**

Larson worked for Defendant Correct Craft, Inc. ("CCI"), a manufacturer of ski boats, from 1986 until 2001. (Doc. 3 at 3). He was originally hired as a draftsman. (Doc. 228 at 2). He later was given additional responsibilities, including designing new products. (Doc. 229-6 at 7-8). Snook was the company engineer and one of Larson's superiors during the period pertinent to this suit.

In 1996, Larson came up with the idea for a wakeboard tower, an overhead structure that permitted, among other things, safe, convenient attachment of a tow rope at a greater height than was possible with the "ski pylons" then being utilized in the industry. (Doc. 229-6 at 11). The greater attachment height permitted wakeboarders to achieve more elevation while being towed.

After Larson showed a sketch of the wakeboard tower to CCI management, the company had a prototype built and, eventually, opted to seek a patent. CCI chose Todd, an independent contractor, to fabricate the prototype. In 1999, Larson signed a declaration of inventorship identifying himself and Snook as the joint inventors of the wakeboard tower. (Doc. 229-4 at 25-26). Larson signed a number of documents assigning his rights in the concept to CCI. CCI was awarded a patent for the wakeboard tower in November 1999.

Around the same time, Todd sought and received a wakeboard tower patent, identifying himself as the sole inventor. Not surprisingly, a dispute ensued between Todd and CCI. Eventually, the parties resolved the dispute. CCI's patent was amended to add Todd as a co-inventor, and Todd's patent was similarly amended to include Larson and Snook. Todd assigned his patent and all of his rights in the wakeboard tower concept to CCI. In April 2000, Larson signed a declaration of inventorship identifying Snook and Todd as co-inventors. (Doc. 229-4 at 7-8).

In the instant suit, Larson has claimed – under a number of different legal theories – that CCI tricked him into assigning it his rights to the wakeboard tower concept, cheating him out of his invention. Larson also sought declaratory judgments under Florida law that Snook (Count IX) and Todd (Count X) were not co-inventors of the wakeboard tower.[1] On February 1, 2008, the Court granted summary judgment to CCI as to all of Larson's claims against it. (Doc. 261). Snook and Todd now seek summary judgment as to the declaratory judgment counts against them.

---

[1] Larson also raised claims of conversion and unjust enrichment against Snook (Count VII) and Todd (Count VI) but subsequently dropped those claims. (Doc. 233).

**II.    Standard**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). Whether a fact is material depends on the substantive law of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If there is an absence of evidence on a dispositive issue for which the non-moving party bears the burden of proof, that party must "go beyond the pleadings and by . . . affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986) (internal quotations and citation omitted). Summary judgment is mandated against the non-moving party who thereafter fails to present sufficient evidence to establish a genuine issue of fact for trial. *Id.* at 322, 324-25.

In this review, the Court must consider all inferences drawn from the underlying facts in a light most favorable to the non-moving party, and resolve all reasonable doubts against the moving party. *Anderson*, 477 U.S. at 255. If an issue of material fact exists, the court must not decide it, but rather, must deny summary judgment and proceed to trial. *Environmental Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[2]

**III.   Analysis**

Initially, it appears that the entry of summary judgment in favor of CCI renders moot the inventorship dispute between Larson, Snook, and Todd. As framed by the Amended Complaint,

---

[2] All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

Larson sought a declaration as to his alleged sole inventorship of the wakeboard tower because "until such controversy is settled, plaintiff Larson cannot properly proceed to license or assign his right, title, and interest in and to the inventions and patents, or to manufacture, use, and sell the inventions under the patents." (Doc. 3 at 34). Given that this Court already upheld the validity of Larson's assignments to CCI, Larson has no rights to the wakeboard tower no matter how many co-inventors he might have had. Thus there is no longer a bona fide, actual, present and practical need for a declaration regarding the inventorship of the wakeboard tower. *See Okaloosa Island Leaseholders Ass'n, Inc. v. Okaloosa Island Authority*, 308 So. 2d 120 (Fla. 1st DCA 1975). However, because the parties have not fully briefed the issue, and in the interest of expeditious resolution, the Court will assume *arguendo* that it continues to possess jurisdiction.

"Inventors may apply for a patent jointly even though they did not physically work together or at the same time, (2) each did not make the same type or amount of contribution, or (3) each did not make a contribution to the subject matter of every claim of the patent." 35 U.S.C. § 116. All that is required of a joint inventor is that he or she (1) contribute in some significant manner to the conception or reduction to practice of the invention, (2) make a contribution to the claimed invention that is not insignificant in quality, when that contribution is measured against the dimension of the full invention, and (3) do more than merely explain to the real inventors well-known concepts and/or the current state of the art." *Pannu v Iolab. Corp.*, 155 F.3d 1344, 1351 (Fed.Cir. 1998). It is a bedrock tenet of patent law that an invention presumptively belongs to its creator. *Israel Bio-Engineering Project v. Amgen, Inc.*, 475 F.3d 1256, 1264 (Fed.Cir. 2007). Consistent with this presumption that the inventor owns his invention, patent issuance creates a presumption that the named inventors are the true and only inventors. *Israel Bio-Engineering*


*Project* at 1264. It is undisputed that Larson, Snook, and Todd are named as co-inventors on the patents at issue here.

Larson's attack on his presumptive co-inventors is, quite frankly, a mess. He points to irrelevancies and quotes things out of context. He never squarely addresses a number of the contributions allegedly made by Todd and Snook, such as Todd's alteration of the design from one using welded joints to one using bent pipes. Misjoinder or nonjoinder of inventors must be proven by facts supported by clear and convincing evidence. *Trovan, Ltd. v. Sokymat Sa, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002). After reviewing his response, the Court finds that Larson has failed to produce sufficient evidence to overcome the presumption of co-inventorship created by the issuance of the wakeboard tower patents. No reasonable factfinder could conclude that Larson was a sole inventor.

Larson's attack on Snook and Todd can also be seen as an attack on the validity of the wakeboard tower patents. The inclusion of more or less than the true inventors in a patent can render it void. *Trovan* at 1301. The patent laws provide a method for correcting an erroneous inclusion or exclusion of an inventor on an issued patent without invalidating it. *See* 35 U.S.C. § 256. However, the statute permits this only where the error "arose without any deceptive intention." *Id.* According to Larson's description of events, Snook and Todd were named as co-inventors deliberately and deceptively, not innocently. When errors in inventorship are intentional or fraudulent, correction under Section 256 will not be allowed. *Heden v. Hill*, 937 F.Supp. 1222, 1227 (S.D.Tex. 1996) (dismissing count seeking declaration of sole inventorship where plaintiff alleged that parties responsible for inclusion of putative co-inventor acted deliberately and with

deceptive intent). Thus, Larson's allegations, if proven true, would invalidate the wakeboard tower patents.

This attack is barred by the doctrine of assignor estoppel. Assignor estoppel is an equitable doctrine that prevents one who has assigned the rights to a patent (or patent application) from later contending that what was assigned is a nullity. *Diamond Scientific Co. v. Ambico, Inc.*, 848 F.2d 1220, 1224 (Fed. Cir. 1988). The four most frequently mentioned justifications for applying assignor estoppel are the following: (1) to prevent unfairness and injustice; (2) to prevent one from benefitting from his own wrong; (3) by analogy to estoppel by deed in real estate; and (4) by analogy to a landlord-tenant relationship. *Id*. A determination as to whether assignor estoppel applies in a particular case requires a balancing of the equities between the parties, a determination that is committed to the sound discretion of the trial court. *Fina Technology, Inc. v. Ewen*, 857 F.Supp. 1151, 1157 (N.D.Tex. 1994). After reviewing the facts of this case, the Court agrees with Snook and Todd that, analogous to the concept of estoppel by deed in real estate, Larson should not be permitted to deny the declarations of inventorship he signed, naming Snook and Todd as co-inventors. None of the alleged trickery employed by CCI to finagle his rights to the wakeboard tower would have convinced him to sign a document showing that others shared in the creation of "his" invention.

## IV. Conclusion

In consideration of the foregoing, it is hereby **ORDERED** and **ADJUDGED** that the motions for summary judgment filed by Defendants William Snook ("Snook") (Doc. 230) and Robert Todd ("Todd") (Doc. 231) are **GRANTED**. As these were the last claims remaining in this

matter, all pending motions are **DENIED AS MOOT**, and the Clerk is **DIRECTED** to enter final judgment for the Defendants and to close the case

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 4, 2008.

<div style="text-align: right;">
GREGORY A. PRESNELL  
UNITED STATES DISTRICT JUDGE
</div>

Copies furnished to:

Counsel of Record
Unrepresented Party