# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**BORDEN M. LARSON,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:05-cv-686-Orl-31GKJ**

**CORRECT CRAFT, INC., WILLIAM SNOOK & ROBERT TODD,**

        **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion for Attorney's Fees (Doc. 269) filed by the Defendants and the Response (Doc. 280) filed by the Plaintiff. In their motion, the Defendants seek recovery of attorney's fees pursuant to Fla. Stat. § 768.79, Fed.R.Civ.P. 37(a)(4)(B), and 28 U.S.C. § 1927. On February 19, 2008, the Plaintiff appealed this case to the Court of Appeals for the Federal Circuit. (Doc. 267, 268).

As a general rule, the filing of a notice of appeal divests a district court of jurisdiction with respect to any matters involved in the appeal. *Taylor v. Sterrett*, 640 F.2d 663, 667-68 (5th Cir.1981); *see also Silverthorne v. Laird*, 460 F.2d 1175, 1178 (5th Cir.1972).[1] The Court has discretion to deny a motion for attorney's fees without prejudice to refile after the appeal has

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions handed down by the former United States Court of Appeals for the Fifth Circuit prior to the close of business on September 30, 1981.

concluded. *See* Fed.R.Civ.P. 54(d)(governing the procedure for awarding attorney's fees and costs). The Advisory Committee Notes to Rule 54(d)(2) provide that:

> If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved.

If the Court were to resolve the fee issue while an appeal remains pending, it would likely be asked to repeat the procedure following the appeal. This Court prefers to avoid the piecemeal resolution of fee disputes. Immediate resolution of the collateral issues of fees is unlikely to assist the Court of Appeals. The record reflects no good cause for the motion for attorney's fees to remain pending indefinitely. Lastly, fee issues are often resolved in appellate mediation. Accordingly, it is hereby

**ORDERED** that the Motion for Attorney's Fees (Doc. 280) filed by the Defendants is **DENIED WITHOUT PREJUDICE** to Defendants' right to refile and serve the motion no later than fourteen days after entry of a mandate by the Court of Appeals.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on April 18, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party